HAYNER, receiver, &c. vs. FOWLER and others.

A receiver, appointed under proceedings supplementary to execution, cannot bring a suit to set aside conveyances executed by the judgment debtor, prior to the appointment of the receiver, on the ground that they were made for the purpose of hindering and delaying creditors.

DEMURRER to amended complaint. The complaint alleged that prior to the 1st of March, 1849, the defendant, Randall James, being wholly insolvent and indebted to divers individuals in large amounts, and particularly to one John Simpson, in and about the sum of five hundred dollars; Simpson, on or about the 28th of April, 1849, recovered a judgment in this court, against the said Randall James, for the sum of five hundred and twenty-two dollars and sixty-six cents; that said judgment was duly docketed in the office of the clerk of the county of Rensselaer, on or about the said 28th day of April, 1849; that an execution against the goods and chattels and real estate of the said Randall James, was issued to the sheriff of the county of Rensselaer, who returned the same unsatisfied. That under and by virtue of proceedings supplementary to said execution, pursuant to the code, the plaintiff was subsequently appointed receiver of the property and effects of the said Randall James, and that James executed and delivered to him, as such receiver, an assignment of all his property, rights in action, &c. That the said Randall James did, on the 13th day of March, 1849, by a deed of conveyance executed by him and Sally his wife, for a nominal consideration therein expressed, convey to the defendant Harvey W. Fowler, certain parcels of land therein described. And that on the 16th day of the same month he also conveyed to the said Fowler a certain other piece of land. And that the deeds were duly recorded. And the plaintiff further stated, upon information and belief, that before, and at the several times when the above mentioned parcels of land were so conveyed, the said Randall James was wholly insolvent, and unable to meet the payment of his just debts; and that such insolvency, at the times of such conveyances, was well known to the defendants; that prior to and at the time of such conveyance of said lands, the

defendant well knew that the said John Simpson and several other creditors to whom the said Randall James was indebted in very large amounts, were about to make efforts to enforce the collection of their several demands. That at the time of the conveyance of the several parcels of real estate to the said Fowler, the defendants claimed and pretended that the said Randall James was largely indebted to the said Harvey W. Fowler, and was also largely indebted to the defendant John James, for money and other personal property pretended to have been acquired by the said John James, while an infant under the age of twenty-one years, and residing in the family of the said Randall James, and that said parcels of real estate were conveyed by said Randall James to Fowler, in payment of such indebtedness to John James and the said Harvey W. Fowler, and that certain promissory notes held by John James against the said Randall James, as evidence of the pretended indebtedness, were delivered up and canceled, and certain other notes made by the said Harvey W. Fowler and delivered to the said John James in lieu of the notes made by the said Randall James. The plaintiff further averred, upon his information and belief, that all such pretenses on the part of the defendants were wholly false and unfounded and fraudulent; and that the conveyances of the said parcels of land by the said Randall James to the said Harvey W. Fowler, were made by the said Randall James to and accepted by the said Harvey W. Fowler, with the intent to hinder and delay and defraud the creditors of the said Randall James, and especially the said John Simpson, of his and their lawful demands against the said Randall James; and 'that Fowler did not in fact pay the consideration in said deeds mentioned, or any other valid or sufficient consideration, but that the transfer of the several parcels of the real estate, so made by the said Randall James to the said Harvey W. Fowler, were made solely to prevent the just creditors of the said Randall James from having the benefit of the above pieces of land; and that Fowler might hold the same upon some secret trust for the benefit of the said Randall James or his family, or for the joint benefit of the said Randall James and the said Harvey W.

Fowler, and to enable the said Randall James to defraud his just creditors.

The plaintiff then prayed that the said conveyances might be declared and adjudged fraudulent and void as against the plaintiff and the said John Simpson and other creditors of Randall James, at the time of such conveyances, and that any and all obligations given to John James, by Fowler, in part payment of the pretended purchase of such real estate, might be declared fraudulent and void; and that such conveyances and obligations might be delivered up and canceled, &c. and for further relief.

The defendants demurred to the complaint, assigning several causes of demurrer; among which were these : That the allegations contained in the complaint did not show that the plaintiff had a right, or that he was a proper party to contest the validity of the conveyances mentioned and referred to in the complaint or either of them. And that the allegations therein did not show that the plaintiff had a right, or that he was a proper party to contest the validity of the obligations referred to in said complaint.

*W. A. Beach,* for the plaintiff.

*J. E. Taylor,* for the defendants.

*By the Court,* HAND, P. J. The plaintiff must necessarily recover, if at all, in his character of receiver. James conveyed all his real and personal estate to him before suit; but if he sues merely by virtue of a conveyance voluntarily made, the prior deed to Fowler being good between the parties would have preference. (*Brownell* v. *Curtis,* 10 *Paige,* 210. *Leach* v. *Kelsey,* 7 *Barb.* 466. *Osborn* v. *Moss,* 7 *John. R.* 161.) Consequently the plaintiff must fail if, as receiver, he is not authorized to bring a suit to set aside this deed. In the case of *Seymour* v. *Wilson,* decided at this term,(a) I came to the conclusion that a receiver has no power to bring an action to set aside a prior assignment of a bond and mortgage made by the debtor and alleged to be fraudulent. (*Green* v. *Hicks,* 1 *Barb. Ch. R.*

(a) Ante p. 294.

309. *Dorr* v. *Noxon,* 5 *How. Pr. R.* 29. *And see* 3 *Id.* 128, 186.) It is different with a receiver of an insolvent corporation. (2 *R. S.* 469. *Id.* 40, *et seq. Gillet* v. *Moody,* 3 *Comst.* 479. *And see* 4 *Barn. & Ad.* 129.)

If *Seymour* v. .*Wilson* was correctly decided, the objection applies with greater force in this case. The powers of a receiver, in relation to real estate, are more limited. He should not even bring or defend an ejectment without the sanction of the court. (*Green* v. *Winter,* 1 *John. Ch. Rep.* 60. *Wynne* v. *Lord Newborough,* 1 *Ves. Jr.* 164. *Anon.* 6 *Id.* 287. *Edw. on Receivers,* 95.)

By statute, he may hold land upon trust, subject to the order or direction of the court. (*Laws of* 1845, *ch.* 112, *p.* 90.) But, except in cases of corporations, his duty is to protect the property, receive the rents, issues and profits of the land, and collect and receive the personal property, and convert all the effects into money. (*Wilson* v. *Allen,* 6 *Barb.* 542. *Chautauque County Bank* v. *White, Id.* 189. *Mann* v. *Pentz,* 2 *Sandf. Ch. R.* 257. *Storm* v. *Waddell, Id.* 494.) And if the debtor conveys his real estate to the receiver, it seems he may be directed to sell it.

This view of the case renders it unnecessary to examine the other grounds of demurrer.

Demurrer allowed.

[CLINTON GENERAL TERM, July 4, 1853. *Hand, Cady* and *C. L. Allen,* Justices.]