# SUPREME COURT

## MARQUIS C. GASPER & JOEL SEYMOUR agt. SAMUEL BENNETT and others.

A judgment-creditor may have his action against the judgment-debtor and his *assignees*, to set aside an assignment made by the judgment-debtor, to hinder and delay creditors, notwithstanding it appears that the assignment, although properly executed, had not been delivered, nor that the assignees had ever accepted the trust, and that the possession of the property had never been changed, but was still in the possession of the judgment-debtor.

Because, the plaintiff has no other way to set aside the assignment, or get it out of his way. With such an apparent incumbrance upon the property of the judgment-debtor, or claim upon his title, the plaintiff is not bound to go on and levy, and take the risk of litigation and his chance of impeaching the assignment in a suit at law.

By proceedings supplementary to execution under the Code, the plaintiff could not set aside this assignment. These proceedings are only adapted to reach the undisputed property of the judgment-debtor, and no contested title to property can be determined by them.

*Steuben Special Term, March,* 1856.

CREDITOR'S BILL.—The complaint in this action is in the form of an ordinary creditor's bill under the old practice, stating the recovery of a judgment since the Code, the issuing and return of execution *nulla bona,* and that Bennett, the judgment-debtor, had made an assignment to the other defendants, Bennett and M'Coy, to hinder and delay creditors, and asked that the assignment be set aside, and that defendants pay their

judgment. The defendants demur to the complaint for insufficiency, and for that it does not state facts sufficient to constitute a cause of action.

> ROBERT CAMPBELL, JR., *for plaintiffs.*
> D. J. SUNDERLAND, *for defendants.*

E. DARWIN SMITH, Justice. As against the judgment-debtor alone, this action could not be sustained. Unless the complaint can be sustained with respect to him in connection with other parties, it would be but an action on a judgment forbidden by § 71 of the present Code. The complaint states the making of an assignment by the judgment-debtor to the other defendants, but does not allege that it had ever been delivered, or that the assignees had ever accepted the trust or interfered with the property; and the contrary thereof, so far as relates to the possession of the property, is expressly alleged in respect to the defendant M'Coy, and it states, also, that there had never been any actual and continued change of the possession of the property, and also states that the judgment-debtor had always remained in possession, and continued to control the same after the assignment.

The defendants' counsel contended that the assignment in question is not shown to have been any actual obstacle in the way of the plaintiffs in the collection of their judgment, and that the assignees are *not*, therefore, necessary or proper parties to the action. This, I think, is a mistake. The complaint refers to the assignment, a copy of which is annexed to it. The assignment appears to be a formal deed of transfer, sealed, signed and acknowledged, and its execution and delivery attested by a witness.

With such an apparent incumbrance upon the property of the judgment-debtor or claim upon his title, the plaintiffs were not bound to go on and levy upon the property, and take the risk of the litigation which might ensue. They might have been, and probably would have been, perfectly safe in doing so; but they were not bound to take that risk. They had a right to come into

this court and ask to have the assignment set aside, and for that purpose the defendants, David J. Bennett and M'Coy, were necessary parties.

It is but an ordinary exercise of the equitable powers of this court to set aside fraudulent conveyances, and remove obstacles interposed by the devices or frauds of debtors to the free collection of debts by the common course of proceedings for that purpose. (5 *Paige*, 493; 2 *Barb*. 237.)

If the assignment in this case has, in fact, never been delivered and accepted, and the assignees claim nothing under it, and do not intend to set it up as a valid conveyance, they have only so to answer and let it be set aside, and they cannot be injured by the suit or by being made parties to it. But being named as trustees in such an assignment, and entitled to set it up and claim under it, the plaintiffs had a right to call upon them by suit or action in court, to disclaim all title under it, or take the burden of accepting the trusts conferred by it—or of claiming to do so. The plaintiffs had no other way to set aside the assignment, or to get it out of their way in the collection of their judgment, unless they were willing to levy on the property assigned, and take their chance of impeaching the assignment in a suit at law. By proceedings supplementary to execution under chapter 2d, title 9th, of the Code, the plaintiffs could not have set aside this assignment. These proceedings are only adapted to reach the undisputed property of the judgment-debtor, and no contested title to property can be determined by them. (*Hayner* agt. *Fowler*, 16 *Barb*. 300; *Seymour* agt. *Wilson*, *id*. 294; *Goodyear* agt. *Betts*, 7 *How*. 188.)

Demurrer overruled, with leave to answer on payment of costs.