## ALLEN *v.* TRITCH.

*(Supreme Court of Colorado, April Term, 1880.)*

EQUITABLE RELIEF in the case of the fraudulent transfer of real estate by the judgment debtor is secured to the judgment creditor, and no equivalent remedy having been provided in the Code by proceedings supplemental to execution, this right exists unimpaired.

A CROSS-COMPLAINT under the Code is the equivalent of a cross-bill under equity practice, and a person not a party to the original lien, can be made party to the cross-bill.

ELBERT, C. J.   Under section 57 of the Code the defendants were entitled to file their cross-complaint, asking affirmative relief.   It is claimed however, that the cross-complaint here interposed is substantially a creditor's bill, and that a judgment creditor's remedy by creditor's bill no longer exists, the framers of the Code having substituted therefor "proceeding supplemental to execution."   Chapter 20; *Hexter* v. *Clifford et al*, decided at the present term.

The supplemental proceedings provided by the Code appear to be chiefly directed to discovery, and in this respect at least they are to be regarded as taking the place of the former bill of discovery.   They are not adapted, however, to reach the disputed property of the judgment debtor; no contested title to property can be determined.   *Gasper & Seymore* v. *Bennet*, 12 How. Pr., 307, and cases cited.   The cross-complaint here seeks the can-

cellation of a deed and mortgage made in fraud of creditors. The right of a judgment creditor to equitable relief in case of the fraudulent transfer of real estate by the judgment debtor, is well settled. He may maintain his action to cancel the fraudulent conveyance before execution. *Ward* v. *Enders*, 29 Ill., 519; *Loomis* v. *Tifft*, 16 Barb., 541; *Wilson* v. *Forsyth*, 24 Barb., 105; *Payne* v. *Shelden*, 63 Barb., 169.

No like or equivalent remedy can be had by proceeding supplemental to execution—and it exists unimpaired as before the adoption of the Code.

It is objected that Gay S. Allen was a necessary party to this cross-complaint. He was the judgment debtor whose conveyance to the complainant, Alexander P. Allen, the cross-complaint sought to set aside as made with intent to hinder, delay and defraud his creditors; he was the mortgagee in the mortgage from the complainant, which it was also sought to cancel for the like reason.

Section 12 of the Code provides that, "any person may be made a defendant who has, or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

This is substantially the old rule of equity pleading. Mr. Story states the general rule as to parties as follows: "All persons materially interested in the subject matter ought to be made parties to the suit, either as plaintiffs or defendants, however numerous they may be, in order, not only that complete justice may be done, but that multiplicity of suits may be prevented; or, as the rule was once stated by Lord Hardwicke, that all persons ought to be made parties before the court who are necessary to make the determination complete, and to quiet the question. * * * It has also been suggested that it would be a more just exposition of the general rule to declare that all persons interested in the object of the suit ought to be made parties." Story's Eq. Pl., Sec. 76, *et seq.*

In the case of *Williams* v. *Baukhead*, 19 Wal., 573, Bradley, J., says: "The general rule as to parties in chancery is, that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of public policy and the ne-

cessities of particular cases. The true distinction appears to be as follows:

"*First*—Where a party will be directly affected by a decree, he is an *indispensable party*, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule.

"*Second*—Where a party is interested in the controversy, but will not be directly affected by the decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him, if he can be reached.

"*Third*—Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject matter which may be conveniently settled by the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

Mr. Bliss, in his work on Code Pleading (Secs. 96, 97), cites these equity rules in connection with the provision of the Code above quoted, and says that, "the phrase 'may be made dependent' should be treated as inoperative or directory, according to the nature of the interest." He further says (Sec. 11): "Keeping in view the object of the action, understanding the interests and claims to be affected, remembering that the rights of no one can be concluded until he shall have had an opportunity to be heard in regard to them, and nothing further; that courts will discourage many suits where one will suffice; that they will not give remedies piecemeal, but will require such persons to be brought into court as will enable them to make a full and complete settlement of the question or interests involved, the pleader in this regard will be seldom wrong."

Considering the nature and object of the cross-complaint, Gay S. Allen was an indispensable party.

I do not regard the language of section 57, regarding a cross-complaint, as excluding parties not parties to the original bill. Such an interpretation would unreasonably limit the use of the cross-complaint and multiply litigation. I take it that the legislature intended by a cross-complaint, the equivalent of the cross-bill as known to equity practice, and under that practice it was competent to make a person not a party to the original bill, a

party defendant to the cross-bill. *Jones et al.* v. *Smith*, 14 Ill., 222; *Hurd* v. *Case*, 32 Ill., 49.

In the first case cited, Caton, J., says; "Such a case may not often arise making it necessary to bring in new parties to a cross-bill; but when it does arise, the well established and universally recognized rule of chancery pleading requires that the new parties shall be brought in and allowed to controvert the new allegations, and resist a decree prejudicial to their interests. We have not looked for precedents for a practice so imperatively required by the reason of the law and the law itself."

Independently of the equity rule, section 57 is to be read in connection with the provisions of section 12 already quoted, as also section 16, which provides that "the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights, but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

Although the decree in this case saved the rights of Allen, it was not a case where the rights could be saved and any determination of the controversy be had. In answer to this it is urged that the issue as to the fraudulent character of the deed and mortgage, as between Tritch, the defendant, and Gay S. Allen, had antecedently been determined in the attachment suit, and that these issues to Gay S. Allen was *res judicatae*.

In an original attachment suit brought by Tritch against Gay S. Allen, the affidavit required by the statute alleged "that the said Gay S. Allen had sold, conveyed, transferred and assigned his property and effects so as to hinder and delay his creditors." Upon this, issue was joined by Allen by plea in abatement, and found by the jury for Tritch. This is alleged by the cross-complaint.

Without considering the effect of the fact that the issue here made was in a collateral proceeding having for its object solely the dissolution of the attachment, it is manifest that it did not necessarily involve the issue made by the cross-complaint. The record does not show that there was a definite and specific issue made upon the fraudulent character of the deed and mortgage here sought to be set aside. For aught that appears the issue may have been found as alleged, upon other and entirely inde-

pendent transactions of Allen. The doctrine of *res judicatae* requires that the same identical matter should have been in question. Broom's Leg. Max., 331.* The point is not well taken.

Although the objection of the non-joinder of Gay S. Allen was not taken at the trial below, the right of parties and the due administration of justice require that we notice it *sua sponte*.

The decree of the court below is reversed and the cause remanded, with leave to amend the cross-complaint.     *Reversed.*

Mr. Justice Beck did not sit in this case.