No. 12,856.

WALKER *v.* STALEY.

(1 P. [2d] 924)

Decided June 29, 1931.

Mr. James R. Hoffman, for plaintiff in error.

Mr. John P. James, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

D. H. Staley obtained judgment against John R. Walker and others for $769.51 on a promissory note. Later, Walker applied for an order declaring the judgment fully satisfied. Upon a hearing of the application, the court ordered the entry of satisfaction to the extent of $200 only. In a supplementary proceeding under chapter 20 of the Code of Civil Procedure, Walker was examined concerning his property, and the court appointed a receiver of property found by it to belong to

Walker. Walker complains of both orders; of the former because it does not go far enough; of the latter because the court had no power to make such an order.

1. The note was secured by a chattel mortgage, and Walker claimed that after the rendition of the judgment Staley disposed of the mortgaged property, and that the value of the property was in excess of the amount of the judgment. Without giving in detail the evidence concerning the value of the property, it is sufficient to say that it was conflicting. The court found the value of the property disposed of by Staley to be $200. As the finding was based upon conflicting evidence, it is conclusive in this court.

The order for partial satisfaction of the judgment is affirmed.

2. The evidence showed that Walker had certain claims and accounts for collection. His compensation was to be a certain percentage of whatever amounts he succeeded in collecting. The contingent fees were unearned. The court appointed a receiver of those claims and accounts, and directed him to sell and dispose of the same. Contingent fees not yet earned are not subject to a receivership. 53 C. J., p. 31; 23 C. J., p. 832. They cannot be reached in proceedings supplementary to execution. *Gibney v. Reilly,* 56 N. Y. Supp. 1055.

The order concerning the claims and accounts is reversed.

3. In the supplementary proceeding, Walker alone was examined. He testified that the title to certain real property stood in his wife's name; that she owned the property; that they were married in 1927, and his wife owned property at that time; that she sold some of her property for close to $15,000 before their marriage; that none of his money went into her real estate, but that it was purchased with her own money that she had before their marriage. He also testified that the money he collected from accounts, less his commissions, he turned over to his wife. On such evidence alone, the court found

that the real property belonged to Walker, and that title thereto was kept in Mrs. Walker's name in order to defeat the Staley judgment. The court appointed a receiver of the property, and directed him to take charge of it and sell it to pay the receiver's expenses, the court costs and the judgment. All this without any appearance by Mrs. Walker, and without even summoning her under section 268 of the Code of Civil Procedure to answer concerning the ownership of the property.

It was beyond the jurisdiction of the court to make such an order. The court had no power to order the receiver to take possession of the property and sell it without first according to Mrs. Walker her day in court. That she never had. *People ex rel. Pomeranz v. District Court*, 74 Colo. 58, 218 Pac. 742. And see *Pomeranz v. Class*, 82 Colo. 173, 257 Pac. 1086; 53 C. J., p. 116.

 The purpose of supplementary proceedings in aid of execution is to discover what property the judgment debtor has that is subject to execution, and to apply to the satisfaction of the judgment any such property that is "in the hands of such debtor or any other person, or due to the judgment debtor." Code of Civil Procedure, §270. It is beyond the purpose of such proceedings to try contested title to real property. Where title to real property claimed to belong to a judgment debtor stands in the name of another, a creditor's suit is the proper proceeding to subject the property to the satisfaction of a judgment. Code of Civil Procedure, §271; *Allen v. Tritch*, 5 Colo. 222; *O'Connell v. Taney*, 16 Colo. 353, 27 Pac. 888; *Robison v. Gumaer*, 43 Colo. 310, 95 Pac. 935; *Shuck v. Quackenbush*, 75 Colo. 592, 227 Pac. 1041, 38 A. L. R. 259; *Case Threshing Machine Co. v. Packer*, 81 Colo. 195, 254 Pac. 779; *Roberts v. Dietz*, 88 Colo. 594, 298 Pac. 1062.

██ Section 270, supra, does not contemplate that real property may be sold under order of court made in a supplementary proceeding, even when title stands in the name of the judgment debtor. In such case, the judgment

creditor may cause execution to be levied upon the property; it requires no order of court.

Staley's counsel asks us to affirm the order because Mrs. Walker is not here complaining, and Walker is in no position to object to the order. Mrs. Walker, of course, is not before us; she was not a party to the proceeding. But we should not, on that account, affirm an order that is clearly void.

The order concerning the real property is reversed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.