Opinion by
Mr. Justice Sutton.
Kilpatrick, who was plaintiff in the trial court, obtained a judgment against Reynolds Development Company in the amount of $2,434.98 plus interest of $206.04. The claim arose out of certain work done by Kilpatrick on a large apartment complex that had financial difficulties during its construction. On May 4, 1962, *262 Kilpatrick caused a garnishee summons to be served upon Security Trust as the “successor” of Reynolds under a deed and trust agreement. Security answered the garnishee interrogatories indicating that it had in its possession no money or property belonging to Reynolds, nor was any amount owning Reynolds from Security. On May 17, 1962, Kilpatrick filed a traverse of the garnishee’s answer. The ensuing trial resulted in a judgment in favor of Kilpatrick in the amount of $554.49 which the trial court found was the net amount on deposit with Security’s management company at the time of the garnishment.
For reversal Security urges three grounds, however, we need only consider the first one which is:
That Kilpatrick failed to sustain its burden of proof in showing that the answers to the garnishee interrogatories were incorrect.
As we view it, the trust agreement in question provides a method whereby Security and Kobey were to borrow money and attempt to finish the project, settle with creditors and account for the assets. The Traverse of Garnishee Answer alleges, however, that the conveyances of the properties involved to Security were done “for the purpose of hindering and delaying the efforts of the creditors * * * to be satisfied in their claims” and “were not in fact bona fide.” It further asserted that some interest in the assets “is due and owing” to Reynolds. However, we note that no such finding was made by the trial court which merely determined from an accounting that it had ordered that “after all expenses were paid there were at the time of the Garnishee Summons and Answer net receipts on deposit * * * of $554.49 * * Thus in this posture of the case we need not decide whether it is proper to attack collaterally purported fraudulent conveyances in a garnishment action since no fraud or improper transactions were found by the trial court, and we must decide the issue on Security’s first ground of error.
*263 This record discloses that no proper showing has been made that the $554.49 on hand or any part thereof was the property of or obtainable by Reynolds. The net effect of the evidence is that it was money being held for the purposes of Security’s agreement and could not have been obtained, by Reynolds, absent a setting aside of the conveyances; a fortiori it cannot be set over to any of his creditors. Green v. Green, 108 Colo. 10, 113 P.2d 427 (1941). Thus Kilpatrick failed to sustain its burden of proof in showing that the garnishee answers were incorrect.
The judgment is reversed and the cause remanded with directions to dismiss the garnishment.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Kelley concur.