**EQUISEARCH, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**Don LOPEZ, a/k/a Donald Lopez, Defendant,**

**and concerning Morton L. Pepper, Trustee for Children's Trust Fund, Respondent-Appellant.**

**No. 84CA1203.**

Colorado Court of Appeals, Div. II.

May 1, 1986.

Wolf & Slatkin, P.C., Robert H. Winter, Denver, for plaintiff-appellee.

Levi Martinez, Pueblo, Roath & Brega, P.C., David W. Stark, Denver, for respondent-appellant.

SMITH, Judge.

Respondent, Morton L. Pepper, trustee for Children's Trust Fund, appeals a determination of the trial court under C.R.C.P. 69(f) that $140,000 paid to the trust in settlement of a lawsuit and satisfaction of a debt was made with monies fraudulently obtained by a third person from plaintiff, Equisearch, Inc., and was therefore subject to a constructive trust. The court ordered Pepper and the trust to pay over the money to Equisearch with interest. We reverse and remand with directions.

On June 13, 1983, Pepper, on behalf of Children's Trust Fund, made a loan of $127,000 to one Donald Lopez (Lopez) for which Lopez executed a promissory note in the amount of $139,700. When the note was not paid on time, Pepper commenced an action against Lopez. Pepper also ultimately obtained a writ of attachment against the business property of Lopez.

In order to resolve Pepper's action against him and free his property from attachment, Lopez fraudulently obtained the sum of $140,000 from plaintiff Equisearch. Lopez transferred the money to Pepper through a business associate who paid Pepper in cash. Upon receipt of the money, Pepper stipulated to a dismissal of the action against Lopez and an order was entered by the court dismissing with prejudice.

Equisearch subsequently commenced an action against Lopez for recovery of its funds and obtained a judgment against him in January 1984. The following June, Equisearch obtained an order of the trial court directing Pepper to appear before it in response to a motion under C.R.C.P. 69(e). After a hearing on the matter, at which Pepper - appeared, the trial court found that the funds paid by Lopez to Pepper had been acquired under such circumstances that the recipient, the Children's Trust Fund, could not, in good conscience, retain them. Thus, the trial court determined that Pepper, as trustee of Children's Trust Fund, held the money he had received from Lopez as a constructive trustee for Equisearch, and under C.R.C.P. 69(f) ordered them applied, with interest, on Equisearch's judgment against Lopez.

Pepper contends, *inter alia*, that the trial court did not have jurisdiction in this matter arguing: 1) that neither he nor Children's Trust Fund possessed any property

belonging to Lopez and that neither of them were indebted to him, and 2) that disputed issues concerning either ownership of property held by a third person or such person's indebtedness to a judgment debtor cannot be determined in a C.R.C.P. 69(e) proceeding. We agree with the latter contention.

The applicable language of C.R.C.P. 69, at all times pertinent here, was as follows:

"(e) ... At any time when execution may issue on a judgment, upon proof to the satisfaction of the court, by affidavit or otherwise, that any person or corporation has property of the judgment debtor or is indebted to him in an amount exceeding fifty dollars not exempt from execution, the court may order such person or corporation or any officer, managing agent, member, or stockholder thereof to appear before the court or master at a specified time and place and answer concerning the same.

(f) ... The court or master may order any property of the judgment debtor not exempt from execution, in the hands of such debtor or any person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment.... Nothing in this Rule shall be construed to prevent an action in the nature of a creditor's bill."

We hold that, once Pepper appeared before the court pursuant to C.R.C.P. 69(e) and denied that the Children's Trust Fund either held property belonging to Lopez or that it was indebted to him, the trial court was precluded from proceeding further against Pepper under C.R.C.P. 69(f). Equisearch's sole remedy thereafter, if it wished to proceed further against Pepper or Children's Trust Fund, was to bring a civil action in the nature of what, in equity, was referred to as a "creditors bill."

Our interpretation of the rule limiting its application is based on an analysis of the historical evolution of C.R.C.P. 69, and is further mandated by universally accepted principles of fundamental fairness and equal protection of the law.

Colorado Civil Code of 1877, ch. XX, title VII, dealt with proceedings supplementary to execution. That chapter provided that when the court was satisfied that a third person was indebted to, or held property of, a judgment debtor, then such person should be ordered to appear and to answer concerning the same. It further provided that, subject to certain exemptions, such property could be ordered applied towards satisfaction of the original judgment and that disobedience of such order could be punished by contempt. In these regards this statute was almost identical in wording to the present C.R.C.P. 69(e) and (f).

There was, however, one additional provision which, by its deletion in the present rule, creates the problem here. Colorado Civil Code of 1877, ch. XX, sec. 227, provided:

"If it appear that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claim an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interests or debts.

And the court or judge may, by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment.

Such order may be modified or vacated by the judge granting the same, or the court in which the action is brought, at any time, upon such terms as may be just."

The earliest judicial construction of these sections appears in *Allen v. Tritch*, 5 Colo. 222 (1880), wherein the Supreme Court declared:

"The supplemental proceedings provided by the Code appear to be chiefly directed to discovery.... They are not adapted, however, to reach the disputed property of the judgment debtor; no contested title to property can be determined."

By the time the Code of Civil Procedure was adopted in 1921, two major changes had occurred. The provisions of § 227 had been deleted, and the sentence "nothing in this rule shall be construed to prevent an action in the nature of a creditor's bill" had been added.

In *Walker v. Staley*, 89 Colo. 292, 1 P.2d 924 (1931), the court, in again interpreting the rule, stated:

"It is beyond the purpose of such proceedings to try contested title to real property. Where title to real property claimed to belong to a judgment debtor stands in the name of another, the creditor's suit is the proper proceeding to subject the property to the satisfaction of a judgment."

The creditor's suit was a bill in equity which could be brought to secure, for the purpose of satisfying a judgment, property belonging to a judgment debtor, due to him, or held in trust for him. Colo.Rev. Stat. 1868, ch. b, §§ 36 and 37. Such proceeding, however, was a separate, independent action in which the person alleged to hold property, or alleged to be indebted, was named as a party, served with process, and in which a full trial, complete with responsive pleadings, discovery, etc., was mandated. *See* Colo.Rev.Stat. 1868 ch. 13.

Other than minor word changes and a modification relative to the exemption for real property created by *Walker, supra,* these code rules became part of C.R.C.P. 69 adopted in 1941. C.R.C.P. 69(e) and (f) remained essentially the same until September 1984 when the sentence referring to creditor's bills was deleted.

The philosophy of the cases, as well as the original language of the rule, clearly indicate the purpose and function of C.R. C.P. 69(e) and (f). It is a rule of expediency—designed to enable a judgment creditor, in a single, simple proceeding, to: (1) discover these assets of the debtor which, without dispute, are held by others or are owed by others to the debtor, and to (2) obtain an order of the court, backed by its contempt power, applying such property or indebtedness against its existing judgment.

Although, even when a debt is admitted, there may exist significant issues relative to suing the contempt power of the court to collect such debt owed to the judgment debtor by a third person not previously involved in any judicial proceeding. Here, however, the disputed nature of the claim brings into play fundamental precepts of fairness, due process, and equal protection which clearly operate to negate the validity of the trial court's ruling.

The issue before us is whether, when a person, not a party to the original action, appears pursuant to subpoena under C.R. C.P. 69(e) and denies that he is either obligated to or in possession of any property of the judgment debtor, the court can resolve the contested issues raised by such denial as part of the C.R.C.P. 69 proceeding? We hold that it cannot and that, upon receiving such denial, the court must terminate further C.R.C.P. 69(e) and (f) proceedings against such third person.

To construe the rule otherwise would be to deny to those putative debtors and alleged constructive trustees who have the misfortune of having as their alleged creditor or beneficiary a judgment debtor, the elemental rights which are inherent in all other persons against whom allegations of indebtedness or trusteeship are asserted. Such construction would deny equal protection of the law to such persons by creating an unreasonable classification based, not on the characteristics of the obligation or the obligor, but rather on the status of the person seeking to enforce the debt or obtain the property.

It is axiomatic that when one person believes another to be indebted to him, or believes that another is holding property belonging to him, he may bring a lawsuit against such person in which he sets forth his claims. In such action, the defendant, after having been served with a summons and complaint is entitled to plead responsively, setting forth his denials and/or defenses. Discovery and other pre-trial remedies are provided, and the defendant is

entitled to a trial wherein the plaintiff is required to prove his allegations by a preponderance of the evidence. If the defendant, at least in the case of debt, should lose, the worst result that can occur is entry of a judgment against him.

On the other hand, under the rule interpretation urged by Equisearch, and adopted by the trial court, if the person asserting the debt or trusteeship happens to be a judgment creditor of the person to whom the debt is allegedly owed, or whose property is allegedly held, the putative debtor or trustee must appear pursuant to a subpoena, the issuance of which is based upon a prior, ex parte, determination by the court that such person is indebted, or holds property for the judgment debtor. In that appearance, the alleged debtor or trustee in his appearance before a judge, master, or referee must, at least impliedly, then refute that prior determination in a summary proceeding. If he should fail to do so, he will be ordered to pay the amount of the debt, or turn over the property, under threat of a fine or jail sentence.

We cannot accept the proposition that C.R.C.P. 69 or its predecessor rules were intended to, or should be permitted to operate in this manner, giving to a judgment creditor substantially greater rights against a third person than even the judgment debtor would possess. We believe that the philosophy expressed in *Allen, supra,* and *Walker, supra,* must be applied, not only to disputed title to real property, but also to rights in personalty and disputed indebtednesses as well.

The judgment is reversed and the cause is remanded with directions to vacate all findings made and orders entered concerning Pepper and Children's Trust Fund that occurred subsequent to the denial, in the C.R.C.P. 69 proceeding, that they held property belonging to Lopez, or that they were indebted to him.

VAN CISE and STERNBERG, JJ., concur.