Daniel J. MADDALONE,
Plaintiff–Appellee,

v.

C.D.C., INC., and Charles D. Cottrell,
Garnishees–Appellants.

No. 87CA0761.

Colorado Court of Appeals,
Div. IV.

Oct. 20, 1988.

Rehearing Denied Nov. 17, 1988.

David C. Johnston, Paonia, for plaintiff-appellee.

Krabacher, Schiffer, Hill and Edwards, Thomas C. Hill, B. Joseph Krabacher, Aspen, Ranous, Stern & Patrick, J. Stephen Patrick, Karl Ranous, Gunnison, for garnishees-appellants.

NEY, Judge.

In this garnishment action, C.D.C., Inc., and Charles D. Cottrell (garnishees) appeal the entry of judgment by the trial court against the garnishees and in favor of Stephen Ware (judgment debtor) for the use and benefit of Daniel Maddalone (plaintiff). We reverse and remand to the trial court with directions.

Plaintiff obtained a judgment against judgment debtor in the amount of $144,-451.02. Plaintiff served a writ of garnishment on garnishees in an attempt to garnish a $20,000 debt allegedly owed by garnishees to the judgment debtor. Garnishees denied the debt to judgment debtor, and submitted an affidavit which stated that, although they had executed a promissory note for $20,000 in favor of the judg-

ment debtor, the note had been given as security for the conveyance of certain real property and thus was not a true debt. Plaintiff filed a traverse to the garnishees' answer.

After the garnishees were served with the writ of garnishment, but before the judgment debtor had been formally served with notice of the writ, the judgment debtor, garnishees, and John Lackey entered into an agreement whereby the promissory note would be assigned to Lackey, who would subsequently cancel the note in return for conveyance of the real property by garnishees.

At the hearing on the plaintiff's traverse of answer, the trial court primarily addressed the question of the effect of the subsequent assignment on the rights of the parties. Almost no attention was devoted to the issue of the validity of the debt between the garnishees and the judgment debtor. The court indicated on several occasions that a future evidentiary hearing would be held to address the issue of the validity of the debt. However, after submission of briefs on the issue of the assignment, the trial court entered judgment against the garnishees for the amount of the promissory note.

The garnishees moved the court to reconsider on the ground that no evidentiary hearing concerning the validity of the debt was ever held. The trial court denied the motion, holding that the submitted affidavits and assignment agreement constituted sufficient evidence to enable the court to make its decision.

### I.

The garnishees first contend that where a garnishee denies any indebtedness to a judgment debtor, due process and equal protection prevent the trial court from determining the validity of the debt in the garnishment proceeding. Relying on *Equisearch, Inc. v. Lopez*, 722 P.2d 426 (Colo. App.1986), garnishees contend that an unreasonable classification based upon the status of the person seeking to enforce the debt would be created if the validity of the debt may be determined in a garnishment

proceeding. They argue that since garnishment proceedings do not provide the full panoply of procedures which are available to defendants in other civil actions, such as discovery, right to a jury trial, and placement of the burden of proof on the proponent of the debt, *Equisearch, Inc. v. Lopez, supra,* must control this case. We disagree.

The procedures to be followed in a garnishment proceeding are found in C.R.C.P. 103. *Equisearch, Inc. v. Lopez, supra,* examined the procedures provided by C.R.C.P. 69, which has been amended and is now specifically inapplicable to C.R.C.P. 103 proceedings. Unlike the procedures reviewed by this court in *Equisearch,* the garnishment procedures applicable here fully protect a garnishee who denies liability on a debt.

The most important difference between the two supplemental proceedings concerns the burden of establishing the indebtedness. Under C.R.C.P. 69, the trial court makes an *ex parte* determination of indebtedness, and then the third party is brought before the court to disprove such indebtedness. In contrast, under C.R.C.P. 103, the judgment creditor who is attempting to enforce the debt has the burden of proving the existence and validity of the indebtedness of the garnishee. *See Security Trust Co. v. Kilpatrick,* 164 Colo. 261, 434 P.2d 123 (1967). Thus, the garnishee is treated in the same manner as if he had been sued directly on the debt by the judgment debtor.

Moreover, unlike proceedings governed by C.R.C.P. 69, discovery is available in a garnishment proceeding. *See Wilson v. United States Fidelity & Guaranty Co.,* 633 P.2d 493 (Colo.App.1981). Again, the garnishee is treated no differently than if he were sued directly on the debt.

█ It is true that there is no right to a trial by jury in a garnishment proceeding. *Worchester v. State Farm Mutual Automobile Insurance Co.,* 172 Colo. 352, 473 P.2d 711 (1970). The right to a jury trial depends upon the character of the action in which the issue is joined, not the nature of the issue. *See Miller v. District Court,*

154 Colo. 125, 388 P.2d 763 (1964). Thus, if plaintiff brought an equitable action, or sued in a forum such as a small claims court, there would be no right to a jury despite the fact that the garnishee is sued directly on the debt. Because the garnishment proceeding is an equitable action for which no right to a jury is provided, we cannot say that the garnishee has been denied equal protection or due process.

█ Thus, the garnishment procedure provided in C.R.C.P. 103 is substantially different from the procedures provided by C.R.C.P. 69 which were found to be violative of equal protection rights in *Equisearch, Inc. v. Lopez, supra.* The garnishee is entitled to deny the debt to the judgment debtor, may engage in discovery, and is entitled to a hearing in which the judgment creditor must prove his allegations by a preponderance of the evidence. Accordingly, we hold that there is no denial of due process or equal protection when the validity of a debt is determined in a garnishment proceeding.

## II.

█ Garnishees also contend error occurred in that no evidentiary hearing was held concerning the validity of the garnished debt. We agree.

The trial court unequivocally stated that a future evidentiary hearing would be permitted on the issue of the validity of the debt. However, no such hearing was held, and the court entered judgment against the garnishees based upon the briefs and affidavits submitted by the parties. No testimony concerning the validity of the note was taken at the garnishment hearing. In fact, when plaintiff's attorney attempted to question one of the garnishees concerning the validity of the note, the trial court directed the questioning back toward the issue of notice.

Since the garnishees were not given an opportunity to present evidence in support of their contention that the note was invalid, the judgment of the trial court must be reversed. *See Haselden Langley Con-*

*structors, Inc. v. Graybar Electric Co.,* 662 P.2d 1064 (Colo.1983).

The judgment is reversed and the cause is remanded to the trial court with directions to hold a full evidentiary hearing regarding the validity of the debt allegedly owing by the garnishees to judgment debtor, to make appropriate findings, and to enter judgment consistent therewith.

BABCOCK and PLANK, JJ., concur.