**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Buena Vista Bank & Trust Company, Plaintiff and Judgment Creditor–Appellee,**

v.

**Roy L. BOWEN and Philip S. Smith, Defendants and Judgment Debtors–Appellees,**

**Glenn R. McGowan, Defendant–Appellee,**

**American Casualty Company of Reading, Pennsylvania, Garnishee Defendant–Appellant.**

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Plaintiff–Appellant,**

v.

**Roy L. BOWEN, Philip S. Smith, Glenn R. McGowan, and Federal Deposit Insurance Corporation, as receiver for Buena Vista Bank & Trust Company, Defendants–Appellees.**

Nos. 89CA2168, 90CA0264.

Colorado Court of Appeals, Div. I.

May 20, 1993.

As Modified on Denial of Rehearing June 10, 1993.

Certiorari Denied Jan. 4, 1994.

Popham, Haik, Schnobrich & Kaufman, Ltd., Wiley Y. Daniel, Richard G. Sander, Denver, Comey & Boyd, Eugene J. Comey, Robert F. Schiff, Washington, DC (Kirkland & Ellis, Todd L. Vriesman, Kenneth W. Brothers, Denver, André M. Douek, Washington, DC, on the briefs), for F.D.I.C.

No appearance for Roy L. Bowen.

No appearance for Philip S. Smith.

Rothgerber, Appel, Powers & Johnson, James R. Everson, Samuel M. Ventola, Denver, for Glenn R. McGowan.

Berryhill, Cage & North, P.C., Jack W. Berryhill, Janis E. Chapman, Denver, Meagher & Geer, Steven C. Eggimann, Robert E. Salmon, Thomas M. Stieber, Minneapolis, MN, for American Cas. Co.

Opinion by Judge PIERCE.

In *Federal Deposit Insurance Corp. v. American Casualty Co.*, 843 P.2d 1285 (Colo. 1992), the supreme court remanded this cause to the Court of Appeals for consideration of issues not addressed by our opinion in *Federal Deposit Insurance Corp. v. Bowen*, 824 P.2d 41 (Colo.App.1991). We affirm on all issues.

This appeal arises from a garnishment action brought by the Federal Deposit Insur-

ance Corporation (FDIC), as receiver for an insolvent bank, against American Casualty Company (ACC). A default judgment was entered against two of the bank's former directors, Roy L. Bowen and Philip S. Smith, in a separate proceeding brought by the FDIC. Subsequently, FDIC sought to garnish the proceeds of an insurance policy issued to the bank by ACC which provided coverage against the wrongful acts of the bank's officers and directors. Other facts, as pertinent, are set forth in the above opinions.

## I.

Of the remaining issues on appeal, ACC first contends that the FDIC's claim is barred under the "insured v. insured" exclusion of its insurance policy with the bank. That exclusion provides, in pertinent part, that ACC shall not be liable for any loss "which is based upon or attributable to any claim made against any Director or officer by another Director or Officer or by the Institution...." ACC contends that FDIC is an "insured" under this exclusion because, as receiver, it was standing in place of the bank and asserting the bank's claims against the officers and directors, not any separate regulatory or administrative claims of its own. ACC concludes, therefore, that it is not liable to make payment for any losses resulting from the claims asserted by FDIC. We disagree.

■ Interpretation of a contract of insurance is a matter of law for the court to determine. In construing such a contract, the words used in the policy must be accorded their plain and ordinary meaning. *Rodriguez v. Safeco Insurance Co.*, 821 P.2d 849 (Colo.App.1991). Any ambiguities in such a contract must be construed against the insurer and in favor of coverage. *American Family Mutual Insurance Co. v. Johnson*, 816 P.2d 952 (Colo.1991). Moreover, any exclusions which are included in the policy to limit coverage must be construed against the insurer. *J & S Enterprises, Inc. v. Continental Casualty Co.*, 825 P.2d 1020 (Colo.App. 1991).

■ However, a provision of an insurance policy, though unambiguous, is void if the interest in enforcing the provision is outweighed by a contrary public policy. *See Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984); Restatement (Second) of Contracts § 178(1) (1981).

■ Here, the term "Institution" within the meaning of the "insured v. insured" exclusion is defined by the policy as "the Bank named in Item 1 of the Declaration and any Subsidiary [of such bank]." The policy is silent as to whether actions brought by a party or entity, such as the FDIC, acting as receiver or liquidator for the bank, would similarly be excluded from coverage.

If, as ACC contends, the FDIC is "standing in the shoes" of the insolvent bank, it may be considered an "insured" within the meaning of the policy. However, because actions by the FDIC were specifically addressed under the "regulatory" exclusion, the policy is equally susceptible to an interpretation that the "insured v. insured" exclusion does not exclude coverage for actions brought by the FDIC.

Thus, we conclude that the "insured v. insured" exclusion contained in ACC's insurance contact is ambiguous, at least with respect to claims brought by the FDIC. *See American Casualty Co. v. Federal Savings & Loan Insurance Corp.*, 704 F.Supp. 898 (E.D.Ark.1989) (finding identical language ambiguous with respect to coverage brought by FSLIC as receiver for an insolvent bank). Therefore, we must construe the exclusion in favor of coverage for such actions. *See Rodriguez v. Safeco Insurance Co., supra.*

Moreover, ACC's interpretation of the "insured v. insured" exclusion is contrary to the public policy of this state.

■ As noted by our supreme court, the FDIC has a responsibility, as receiver or liquidator of an insolvent bank, to protect the interests of the bank's depositors, creditors, and stockholders. *Federal Deposit Insurance Corp. v. American Casualty Co., supra.* To that end, the Colorado Banking Code recognizes the FDIC's right to enforce the powers and privileges of the bank's depositors against the bank's former directors, § 11–5–105(4), C.R.S. (1992 Cum.Supp.); to

enforce the individual liability of the bank's former directors and officers to depositors, creditors, and stockholders, § 11–5–107, C.R.S. (1992 Cum.Supp.); and to marshall the bank's assets and pay valid claims of depositors, creditors, and stockholders. Section 11–5–105(5)(a), C.R.S. (1992 Cum.Supp.).

To construe the "insured v. insured" exclusion as excluding liability for claims raised by the FDIC, as receiver for an insolvent bank, would defeat the provisions of the Banking Code which expressly recognizes the FDIC's power to gather and distribute the assets of the bank on behalf of depositors, creditors, and shareholders. Therefore, we decline to adopt ACC's interpretation of its policy on this issue. *See also American Casualty Co. v. Federal Savings & Loan Insurance Corp., supra.*

We recognize that the General Assembly has recently declared that policies of insurance excluding coverage for "claims made by any depository insurance organization ... acting as receiver, conservator, or liquidator" of an insolvent bank are consistent with the public policy of this state. *See* Colo.Sess. Laws 1993, ch. ——, § 11–3–120(4)(a)(I). To the extent that the statute may be inconsistent with previous law, and because the instant case arose before this legislative declaration, we decline to follow the policy set forth therein and, instead, follow the policy of the state as declared by our supreme court prior to its enactment.

We recognize that other jurisdictions have reached the opposite conclusion regarding the applicability of similar "insured v. insured" exclusions to claims brought by the FDIC or other government agencies. *See, e.g., Mt. Hawley Insurance Co. v. Federal Savings & Loan Insurance Corp.,* 695 F.Supp. 469 (C.D.Cal.1987) (claims brought by FSLIC, as receiver for insolvent bank, against bank's officers and directors was excluded under "insured v. insured" endorsement to directors and officers policy). However, we are persuaded that the better reasoned view, consistent with the policy of this state at the time this case arose, is that FDIC is not considered an "insured" within the meaning of ACC's policy of insurance.

Therefore, the trial court did not err in determining that FDIC's claims were not excluded under the "insured v. insured" exclusion.

## II.

Next, ACC contends that the trial court abused its discretion in refusing to grant a stay or continuance of the garnishment proceedings. It argues that it did not receive notice of the garnishment hearing until 36 days before the hearing was to take place, and therefore, the trial court's refusal to grant a continuance denied it an opportunity for meaningful discovery. We find no reversible error.

■ The decision to grant or deny a continuance lies within the sound discretion of the trial court, and its ruling will not be disturbed on review absent a clear abuse of that discretion. *Butler v. Farner,* 704 P.2d 853 (Colo.1985).

■ Here, the record shows that ACC received a letter from one of the bank's officers in August 1986, informing it of the possibility of a claim under the directors and officers policy. In addition, ACC was served with notice of the writ of garnishment on May 5, 1989, more than four months prior to the September 29, 1989, garnishment hearing. Finally, FDIC filed its traverse framing the issues in the garnishment proceedings in early June 1989. Although ACC was served with notice of the garnishment hearing on August 23, 1989, it did not attempt to commence discovery until two weeks prior to the garnishment hearing.

Under these circumstances, ACC had ample opportunity to commence discovery, and therefore, we conclude that the trial court did not abuse its discretion in denying a continuance. *See Butler v. Farner, supra.*

## III.

ACC next contends that the trial court erred in failing to consolidate the garnishment proceedings with its declaratory judgment action. As grounds for this contention, ACC argues that the appropriate forum for resolving insurance coverage issues is a de-

claratory judgment action in which the insurer can have factual questions resolved by a jury. By determining the issue of coverage in the garnishment proceedings, ACC contends, it was denied the procedural protection of C.R.C.P. 16 and right to a jury trial, which it would have been afforded had the proceedings been consolidated with the declaratory judgment action. ACC concludes, therefore, that it was denied due process and equal protection by the failure to consolidate, as it was placed in a worse position than it would have been had the judgment debtor sued ACC directly. We disagree.

■ The consolidation of actions sharing common questions of law or fact is a matter addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion. *People in Interest of J.F.*, 672 P.2d 544 (Colo. App.1983); C.R.C.P. 42(a).

■ In *Maddalone v. C.D.C., Inc.*, 765 P.2d 1047 (Colo.App.1988), we held that, although there is no right to a jury in such proceedings, the validity of a debt may be resolved in garnishment proceedings without violating the garnishee's due process rights. In so holding, we found that the garnishment procedures set forth in C.R.C.P. 103 "fully protect a garnishee who denies liability on a debt." *Maddalone v. C.D.C., Inc., supra*, at 1048.

We conclude that *Maddalone* is dispositive here. Thus, because ACC's due process interests were adequately safeguarded in the garnishment proceedings, the trial court did not abuse its discretion in refusing to consolidate the actions.

## IV.

Next, ACC contends that the trial court erred in refusing to hold a "full evidentiary hearing" in the garnishment proceedings as to the validity of the debt under its insurance policy with the bank. We disagree.

■ When an objection or claim of exemption to a writ of garnishment is filed, the party asserting the objection or exemption is entitled to a hearing. C.R.C.P. 103(6)(c)(4). Failure to hold a hearing or to permit the objecting party to present evidence as to the validity of the debt may constitute reversible error. *See Maddalone v. C.D.C., Inc., supra.*

■ Here, however, the trial court held a hearing in the garnishment proceedings on September 29, 1989, at which both ACC and FDIC were permitted to present evidence. This proceeding was adequate to safeguard ACC's rights; further proceedings were not required. *See Maddalone v. C.D.C., Inc., supra.*

## V.

■ Finally, ACC challenges the sufficiency of FDIC's evidence as to whether defendant Philip S. Smith had complied with the notice requirement of the policy. We disagree.

A reviewing court is bound by the factual determinations of the trial court unless those findings are so "clearly erroneous as to find no support in the record." *Peterson v. Ground Water Commission*, 195 Colo. 508, 579 P.2d 629 (1978).

Here, ACC's insurance policy with the bank provided that:

> The Bank or the Directors or Officers shall, as a condition precedent to their rights under this policy, give the Insurer notice in writing as soon as practicable of any claims made and shall give the Insurer such information and cooperation as it may reasonably require.

In addition, the policy requires the bank or its directors or officers to forward "reports, investigations, pleadings and all other papers in connection therewith" to ACC "as soon as practicable," although such action is not expressly made a condition precedent to coverage.

The record shows that ACC received a letter from Joseph Johnson, then a director of the bank, on August 26, 1986, informing it of the possibility of a claim under the directors and officers policy. After its appointment as receiver, the FDIC gave written notice to defendants Roy L. Bowen and Smith on September 30, 1986, of its intent to hold the directors and officers of the bank

liable for negligence and breach of fiduciary duties to the bank. A copy of this letter was forwarded to ACC.

FDIC filed its complaint against Bowen and Smith on August 25, 1988. Although ACC did not receive copies of these pleadings from Smith, it did receive a copy of the complaint from Bowen and another defendant. On December 28, 1988, FDIC filed a request for entry of default judgment, which was entered by the court on January 3, 1988. ACC received notice of both the request and the judgment from the trial court.

In determining that Smith had complied with the notice requirement of the policy despite his failure to forward the pleadings against him to ACC, the trial court properly relied upon *Wilson v. U.S. Fidelity & Guaranty Co.*, 633 P.2d 493 (Colo.App.1981). In that case, we held that an insured's failure to forward pleadings filed against him to his insurer was excused because the insurer had received actual notice of the claim from the plaintiff.

Here, because ACC had received copies of the pleadings against Smith from other defendants and the court, the trial court concluded that ACC had actual notice of the claim against Smith, and therefore, the notice requirement of the policy was satisfied.

Because there is ample support in the record, we perceive no error in the trial court's factual findings.

The judgment of the trial court is affirmed.

METZGER and DAVIDSON, JJ., concur.