**CONTINENTAL BANK, N.A., formerly known as Continental Illinois National Bank and Trust Company of Chicago, a National Banking Association, Plaintiff–Appellee,**

v.

**Jack ROWE, Defendant–Appellant.**

**No. 90CA1012.**

Colorado Court of Appeals,
Div. IV.

Aug. 15, 1991.

David W. Duncan, Durango, for plaintiff-appellee.

Kenneth A. Senn, Pagosa Springs, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Jack Rowe, appeals from the trial court's order dated May 2, 1990, denying his C.R.C.P. 60 motion for relief from a garnishment judgment entered on December 4, 1989. With leave of this court, defendant also appeals an "amended judgment" entered on July 26, 1990. We dismiss the appeal from the May 2, 1990, order and affirm the judgment entered on July 26, 1990.

Plaintiff, Continental Bank, N.A., was awarded an *in personam* judgment against defendant in March 1989 (underlying Colorado judgment). Defendant's appeal from that judgment was dismissed by this court as untimely, and a mandate for dismissal was filed in the trial court on August 21, 1989.

Seeking to satisfy the underlying Colorado judgment, plaintiff initiated the issuance of a writ of garnishment directed to Rowe Marketing International, Inc. The writ of garnishment did not specify the state in which the garnishee was incorporated, and it was served only upon the registered agent for Rowe Marketing International,

Inc., a Colorado corporation (RMI–Colorado).

Plaintiff's purpose in issuing the writ was to secure and hold defendant's interest in the proceeds of a 1989 judgment entered in favor of Jack Rowe Associates, Inc., and Rowe Marketing International, Inc., in a federal district court in California (California judgment). The caption of the California transcript of judgment did not identify the state of incorporation for Rowe Marketing International, Inc., but the body of the transcript of judgment clearly identifies Rowe Marketing International, Inc., an Arizona corporation (RMI–Arizona) as the judgment creditor in the California proceedings.

Although RMI–Colorado was served with the garnishment writ, it filed no response thereto, and a default judgment was consequently entered against Rowe Marketing International, Inc., with no specification as to the garnishee's state of incorporation.

Thereafter, defendant filed a C.R.C.P. 60 motion seeking either to clarify that the garnishment judgment had entered only against RMI–Colorado or, in the alternative, to vacate the judgment as to RMI–Arizona for lack of jurisdiction. The trial court's denial of defendant's C.R.C.P. 60 motion prompted his initial appeal.

Defendant's C.R.C.P. 60 motion sought relief from the trial court's judgment, entered on December 4, 1989, against Rowe Marketing International, Inc., as garnishee. The motion was filed on February 14, 1990, and was denied by the trial court's order dated May 2, 1990. Defendant's notice of appeal of the May 2 order was filed with this court on June 13, 1990.

However, plaintiff also caused the issuance of additional writs of garnishment directed to RMI–Arizona and to Jack Rowe Associates, Inc., as garnishees. These writs were personally served upon the Arizona agent for process for both Arizona corporations. Neither corporation responded to the writs and an "amended judgment" was entered against both Arizona garnishees on July 26, 1990.

We authorized the filing of defendant's amended notice of appeal which incorporated his contentions of error as to both judgments. The parties have fully briefed, with our permission, the issues framed by the original appeal as amended.

## I.

As a threshold matter, plaintiff argues that defendant's appeal must be dismissed because he lacks standing to appeal judgments entered against the various corporate garnishees and because his initial appeal was not timely. We reject those arguments.

## A.

The remedy of garnishment was unknown at common law and exists in Colorado only by statutes or rules of procedure enacted pursuant to statutory authority. *Worchester v. State Farm Mutual Automobile Insurance Co.*, 172 Colo. 352, 473 P.2d 711 (1970).

Section 13–54.5–106(1), C.R.S. (1987 Repl. Vol. 6A) requires that a judgment creditor who serves a garnishment writ to secure personal property, other than earnings, belonging to a judgment debtor must also serve a copy of the writ together with a notice of exemption and pending levy upon the judgment debtor. C.R.C.P. 103 § 2(d)(2) contains a similar requirement, and it also specifies that service upon the judgment debtor must be in accordance with § 13–54.5–107(2), C.R.S. (1987 Repl. Vol. 6A).

Section 13–54.5–108(1)(b), C.R.S. (1987 Repl.Vol. 6A) permits the judgment debtor to file objections to, and claims of exemption from, the writ within ten days after being served with the notice of pending levy. In addition, § 13–54.5–108(3), C.R.S. (1987 Repl.Vol. 6A) provides:

"Notwithstanding the provisions of subsection (1) of this section, a judgment debtor failing to make a written objection or claim of exemption may, at any time within six months from ... service of the notice of exemption and pending levy ... and for good cause shown, move the court in which the judgment was entered to hear an objection ... as to any earn-

ings or property levied in garnishment, the amount of which the judgment debtor claims to have been miscalculated or ... to be exempt. Such hearing may be granted upon a showing of mistake, accident, surprise, irregularity in proceedings, newly discovered evidence, events not in the control of the judgment debtor, or such other grounds as the court may allow."

■ The foregoing statutes and rules make it apparent that a judgment debtor is entitled to notice of garnishment proceedings and has standing to appear and object to such proceedings. To the extent that the debtor is adversely affected by orders or judgments entered in such proceedings, he must also be accorded standing to appeal therefrom.

■ Here, defendant asserted that the trial court lacked jurisdiction over the Arizona corporations that were entitled to the proceeds of the California judgment. Alternatively, he asserted that RMI–Colorado, over which the court did have jurisdiction, had no interest in or right to receive the proceeds of that judgment.

The record before us does not include any documents indicating whether or when defendant was served with a notice of exemption and pending levy under the original writ issued on May 27, 1989, and served upon RMI–Colorado on the following day. Thus, we are unable to determine whether defendant's C.R.C.P. 60 motion was filed within the periods permitted by § 13–54.5–108(1)(b) and (3).

However, plaintiff does not assert that defendant's C.R.C.P. 60 motion was filed untimely. Plaintiff challenges only defendant's standing to file that motion and to appeal from its denial.

We conclude, based upon our review of the record and the statutes and rules applicable to garnishment proceedings, that defendant does have standing to pursue those remedies.

### B.

Plaintiff also argues that defendant's C.R.C.P. 60 motion was deemed denied 60 days after its filing by operation of C.R.C.P. 59(j) and that his notice of appeal should have been filed within 45 days thereafter, i.e., on or before May 31, 1990. Again, we disagree.

C.R.C.P. 59(a) allows an aggrieved party fifteen days after entry of judgment within which to file motions "for post-trial relief including: (1) A new trial of all or part of the issues; (2) Judgment notwithstanding the verdict; (3) Amendment of findings; or (4) Amendment of judgment." C.R.C.P. 59(j) provides that "[t]he court shall determine any post-trial motion within 60 days of the date of [its] filing" and that any post-trial motion not decided within the 60–day determination period "shall ... be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date."

C.R.C.P. 60 provides for relief from a judgment or order for clerical mistakes, C.R.C.P. 60(a), and for various other reasons specified in C.R.C.P. 60(b)(1) through (5). The rule specifies no time limits for filing motions seeking relief under C.R.C.P. 60(a) and differing time periods, depending upon the ground asserted, for filing motions under C.R.C.P. 60(b).

Here, defendant's motion sought relief from a "clerical error" in the court's failure to identify the corporate garnishee over which it had jurisdiction and against which it entered judgment. Alternatively, defendant's motion sought to vacate the judgment insofar as it purported to bind a party over which the court had no jurisdiction pursuant to C.R.C.P. 103 § 2(d) and (e).

■ While C.R.C.P. 60 should not be used to circumvent the requirements of C.R.C.P. 59, it does not follow that all C.R.C.P. 60 motions necessarily fall within the ambit of time limits applicable to "post-trial motions" as defined in C.R.C.P. 59(a). See Canton Oil Corp. v. District Court, 731 P.2d 687 (Colo.1987); Sandoval v. Trinidad Area Health Ass'n, 752 P.2d 1062 (Colo.App.1988).

■ Under the circumstances appearing in the record before us, we conclude that

defendant's C.R.C.P. 60 motion sought relief that was not clearly available under C.R.C.P. 59 and which was proper for consideration under C.R.C.P. 60(a) and C.R.C.P. 60(b)(3). Thus, we conclude that the trial court's jurisdiction to determine the C.R.C.P. 60 motion was not circumscribed by C.R.C.P. 59(j) time limitations applicable to "post-trial motions" as defined in C.R.C.P. 59(a). Accordingly, we deem defendant's notice of appeal, filed within 45 days after the trial court's ruling on his C.R.C.P. 60 motion, to be timely filed.

## II.

■ This appeal was initially taken from the trial court's denial of defendant's C.R.C.P. 60 motion challenging the trial court's jurisdiction over RMI–Arizona and its authority to enter judgment against property held by that corporation based upon service upon RMI–Colorado. However, the plaintiff subsequently served both RMI–Arizona and Jack Rowe Associates, Inc., with writs of garnishment, and judgment has now been entered against those garnishees based upon the later writs. Defendant has joined his challenge to that later garnishment judgment in this appeal.

If the later judgment is valid, any infirmity based upon the trial court's lack of jurisdiction under the earlier writ is of no consequence. Hence, we address the later judgment first.

Defendant contends that the July 26, 1990, garnishment must be reversed because RMI–Arizona and Jack Rowe Associates, Inc., had ceased to exist as corporate entities under Arizona law before their statutory agent was served with writs of garnishment in these proceedings. We reject that contention.

Both parties concede that the corporate authority of RMI–Arizona and Jack Rowe Associates, Inc., was revoked pursuant to Ariz Rev.Stat.Ann. § 10–095 (1990) by action of the Arizona corporation commission prior to the service of the writs upon their statutory agent in March and May 1990. Ariz.Rev.Stat.Ann. § 10–095D (1990) provides that upon the issuance of such certificate of revocation, the existence of such corporation shall terminate.

However, Ariz.Rev.Stat.Ann. § 10–105 (1990) provides that:

"The dissolution of a corporation ... by order of [revocation] ... shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim...."

Here, the record reflects that defendant, the sole shareholder and principal officer of both Arizona corporations, had filed annual reports with the Arizona corporation commission on a regular basis into the spring of 1990. Those reports had continued to designate as statutory agent the person served in these proceedings.

Additionally, even if the statutory agent's authority to receive process on behalf of the corporations was abrogated by the revocation proceedings, defendant, as sole shareholder and principal officer, succeeded under Ariz.Rev.Stat.Ann. § 10–105 (1990) as a proper person to sue or defend on the part of the revoked corporations. Since defendant entered his appearance in the garnishment proceedings in seeking to set aside the defaults, both he and the corporations were subject to the trial court's jurisdiction in the second garnishment proceedings.

Moreover, since defendant affirmatively asserted the continuing existence of RMI–Arizona in contesting the original garnishment proceedings in which only RMI–Colorado was served, he is estopped to deny its corporate existence in the subsequent proceedings.

We thus conclude that the judgment entered against RMI–Arizona and Jack Rowe Associates, Inc., on July 26, 1990, was properly entered and should be affirmed.

We further conclude that our disposition of the July 26, 1990, judgment renders moot defendant's contentions as to the denial of his C.R.C.P. 60 motion.

The judgment entered July 26, 1990, is affirmed. That portion of the appeal challenging the order denying defendant's C.R.C.P. 60 motion dated May 2, 1990, is dismissed.

STERNBERG, C.J., and ROTHENBERG, J., concur.