In re Otto J. KOBERNUSZ, Anna C. Kobernusz, d/b/a O.K. Housing, Debtors.

Grace E. MORRISON, Plaintiff,

v.

Otto J. KOBERNUSZ, Defendant.

No. 87–C–819 (BK).

United States District Court, D. Colorado.

Oct. 15, 1993.

David A. Senseney, Englewood, CO, for defendant & intervenor.

Jeffrey L. Hill, Aurora, CO, for plaintiff.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on the claim of exemption of Defendant Otto J. Kobernusz and the claim of the intervenor, Anna C. Kobernusz. A hearing was held on October 7, 1993 on the claims. Present were the following: Jeffrey Hill, attorney for Plaintiff; David Senseney, attorney for Defendant and Intervenor Anna C. Kobernusz; Defendant Otto J. Kobernusz; and Intervenor Anna C. Kobernusz. The Court received the stipulations of counsel and argument. The matter then was taken under advisement.

### I.

Defendant Otto J. Kobernusz (Defendant) and his wife, Anna C. Kobernusz (Anna), filed a petition in bankruptcy in 1987. During the course of that bankruptcy proceeding, Plaintiff Grace E. Morrison filed an objection to the discharge of the debt owed to her by Defendant. As a result of that objection, judgment was entered by the United States Bankruptcy Court that the debt was non-dischargeable as to Defendant in the amount of $28,000. Further, costs, attorney's fees, and interest were also awarded in the amount of $1,594.85.

Subsequent to the entry of the judgment by the Bankruptcy Court, the judgment was filed in this Court on March 29, 1988, and collection proceedings began thereafter. The judgment remains unsatisfied in an amount in excess of $50,000, having grown due to interest at the rate of eighteen percent per year.

A writ of garnishment was served in September, 1993 upon First Bank—Jefferson County (formerly Jefferson Bank and Trust) (Bank). The Bank responded that it had on deposit the sum of $1,924.89 in an account of Defendant.

On September 28, 1993, Defendant and Anna filed a joint motion for exemption and intervention. In that motion, they claimed that the account garnished was and is a joint account, with one-half belonging to Anna.

Defendant further claimed that the money in the account represented his earnings and that, pursuant to Colorado statute, seventy-five percent of his wages are exempt from garnishment.

At the hearing, no testimony was presented or offered by any party. The parties stipulated to the following: (1) that the account at the Bank was a joint account between Defendant and Anna; and (2) that Defendant and Anna were and are married. Defendant further made an offer of proof that he would testify that he works in construction and earned the money that had been placed into the account. Plaintiff's counsel indicated that he had no evidence to rebut that testimony. The motions were then taken under advisement.

## II.

■ Anna relies on Colo.Rev.Stat. § 15–15–211(2) to argue that one-half of the account is hers and, therefore, not subject to seizure by Plaintiff. It is not disputed that the judgment was entered solely against Defendant. Plaintiff argues that the cited statute does not apply to this case, as it deals only with probate matters.

Though Anna has set forth only one paragraph, it is important to look at the entire statute.

Ownership during lifetime.

(1) In this section, "net contribution" of a party means the sum of all deposits to an account made by or for the party, less all payments from the account made to or for the party which have not been paid to or applied to the use of another party and a proportionate share of any charges deducted from the account, plus a proportionate share of any interest or dividends earned, whether or not included in the current balance. The term includes deposit life insurance proceeds added to the account by reason of death of the party whose net contribution is in question.

(2) During the lifetime of all parties, an account belongs to the parties in the proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. As between parties married to each other, in the absence of proof otherwise, the net contribution of each is presumed to be an equal amount.

(3) A beneficiary in an account having a POD (payable on death) designation has no right to sums on deposit during the lifetime of any party.

(4) An agent in an account with an agency designation has no beneficial right to sums on deposit.

Colo.Rev.Stat. § 15–15–211. There may well be a serious question as to whether this section applies at all, but Anna cannot use it as a shield in this case.

The clear intent of the Colorado General Assembly was to allow accounts to be viewed with the concept of "net contribution." Ownership of an account is proportionate to the amount put in by each party to the account. As to married couples, the net contribution of each is presumed equal, "in the absence of proof otherwise."

In this case, the Court can only decide the issues presented on the basis of what is before it. No testimony was offered by Defendant, Anna, or Plaintiff. The stipulations before the Court, coupled with Defendant's offer of proof that was accepted by Plaintiff, indicate that the only money in the account that was garnished came from Defendant's work in construction. Nothing is before the Court that indicates that Anna contributed any money to this account. Thus, there is "proof otherwise" that mandates that the account not be presumed equal in ownership.

A review of Colo.Rev.Stat. § 15–15–211 indicates that all accounts are subject to review based upon "net contributions." Nothing magical happens when a paycheck is deposited into a joint account. It does not automatically become joint property and exempt from levy or garnishment. On the contrary, the account is subject to review as to the "net contribution." In this case, Anna and Defendant chose to rely upon the perceived presumption in Colo.Rev.Stat. § 15–15–211(2), as well as the offer of proof from Defendant. Absent further evidence, this Court can only find that the money deposited into the account came from Defendant. Anna cannot make, therefore, any claim that she made

any net contribution as to the money on account when the garnishment was served.

### III.

■ Execution on any federal judgment, absent a specific federal statute, is to be done "in accordance with the practice and procedure of the state in which the district court is held." Fed.R.Civ.P. 69(a). No specific federal statute has been raised by the parties.

Plaintiff's counsel had issued from this Court a writ of garnishment. That writ was in accordance with the Colorado state practice as set forth in Colo.R.Civ.P. 103. The writ was properly served upon the Bank, which promptly responded that it had funds on account in the name of Defendant. At the time of the service of the writ of garnishment, Defendant received notice of the garnishment and a partial list of exemptions that could be claimed.

Defendant filed his claim for exemption under Colo.Rev.Stat. § 13–54–104. He claims that 75% of his money is exempt, as it constitutes wages earned by him. On the other hand, Plaintiff argues that the ability to claim this exemption was lost when the money was placed into a joint bank account and co-mingled with other monies.

Colorado law provides that no more than twenty-five percent of the aggregate of disposable earnings per week is subject to garnishment. Colo.Rev.Stat. § 13–54–104(2)(a). Multiples of the minimum federal wage may also be used. That is the case where earnings are paid other than by the week. Colo. Rev.Stat. § 13–54–104(2)(b). Plaintiff's claim is that this statute does not apply at all, since the money lost its identity as earnings when placed into the bank account.

■ It is clear from the offer of proof that Defendant was not paid in the normal weekly fashion, but was paid as a subcontractor. His pay was not subject to deductions for federal income tax or Social Security. By the same token, the income falls into the category of "earnings" as defined by Colo. Rev.Stat. § 13–54–104(1)(b). The Court is satisfied that the money in the account came

from Defendant's labor and is, thus, earnings for purposes of claiming an exemption.[1]

■ Plaintiff's argument is that the character of earnings is lost once funds are placed into a bank account. Indeed, there is case law that indicates that such a view is appropriate. *John O. Melby & Co. v. Anderson,* 88 Wis.2d 252, 276 N.W.2d 274 (1979); *Edwards v. Henry,* 97 Mich.App. 173, 293 N.W.2d 756 (1980); *Dunlop v. First Nat. Bank of Arizona,* 399 F.Supp. 855 (D.Ariz. 1975).

On the other hand, Colorado case law has taken the opposite view of the law. In *Rutter v. Shumway,* 16 Colo. 95, 26 P. 321 (1891), the Colorado Supreme Court specifically held that earnings did not lose such identity when placed into a bank account. This case has not been overruled by the Colorado Supreme Court. Indeed, it has been followed, though admittedly all cases are many years old. The general concept of the sanctity of the exemption for wages was upheld in *Finance Acceptance Company v. Breaux,* 160 Colo. 510, 419 P.2d 955 (1966) (refusal to allow set-off for debt owed to employer from wages upheld). At least one court outside of Colorado has questioned the continued vitality of *Rutter v. Shumway. See Holmes v. Blazer Financial Services, Inc.,* 369 So.2d 987, 989 (Fla.App.1979).

Plaintiff does call the Court's attention to *Usery v. First Nat. Bank of Arizona,* 586 F.2d 107 (9th Cir.1978). This case would appear, at first, to fully support Plaintiff's position. Yet a careful reading indicates that it deals with a bank's duty to calculate an exemption for a debtor under the Consumer Credit Protection Act (CCPA). 15 U.S.C. § 1672, et seq. If this case hinged on an interpretation of the CCPA, then *Usery* would be compelling precedent. In this case, though, Defendant has chosen to rely upon Colorado law for his exemption.

Defendant has stated through his offer of proof that he was receiving earnings for his personal services in construction. Such payment appears to fall clearly into the category of "earnings", as indicated by Colo.Rev.Stat.

---

1. Defendant has made no claim as to "disposable earnings", as defined by Colo.Rev.Stat. § 13–54– 104(1)(a). Defendant's claim of exemption is to the total of his earnings.

§ 13–54–104(1)(b)(I)(A). The Colorado Supreme Court's decision in *Rutter v. Shumway* stressed that wages should not lose such designation solely on the basis of being placed into a bank account. The same could also be said of money being held in a defendant's pocket. To follow the logic of Plaintiff, money received from an employer, even if exempt at time of payment, would lose such exemption when placed into a wallet. Such a result would be absurd and improper. Though one hundred and two years old, the decision *Rutter v. Shumway* is still applicable and controlling.

## IV.

Based upon the stipulations, accepted offer of proof, and applicable law, the claim of Anna is disallowed. The claim for exemption for Defendant is granted to the extent that twenty-five percent of his earnings, as placed into the bank account, are subject to garnishment. This means $481.22 is subject to the writ of garnishment.

IT IS HEREBY ORDERED that the claim of Anna C. Kobernusz for one-half of the money in the bank account is denied; and

IT IS FURTHER ORDERED that the claim of exemption of Defendant Otto J. Kobernusz is granted, with only $481.22 being subject to the writ of garnishment; and

IT IS FURTHER ORDERED that First Bank—Jefferson County shall forward to the Clerk of the Court the sum of $481.22, pursuant to the writ of garnishment, with remaining amounts released to Defendant Otto J. Kobernusz.