In re Robert Dewayne NYE, Debtor.

Michelle F. BARGAS, f/k/a Michelle F. Nye, Plaintiff,

v.

Robert Dewayne NYE, Defendant.

No. 95–BK–1741.

United States District Court, D. Colorado.

July 15, 1997.

Kimber Z. Smith, Arvada, CO, for plaintiff.

James Lamberson, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on June 19, 1997 on Defendant's claim for exemption. Present at that time were the following: Kimber Smith, attorney for Plaintiff; Plaintiff; James Lamberson, attorney for Defendant; and Defendant. The Court received the testimony of witnesses and then took the matter under advisement. Further argument will be waived.

### I.

The marriage of Plaintiff and Defendant ended at an undefined point in time. In 1995, Defendant filed a petition in bankruptcy pursuant to Chapter 7. Defendant sought to discharge all debts at that time.

Plaintiff filed an adversary proceeding against Defendant concerning two claims, one involving an obligation to Commercial Credit and another concerning an interest in the former family home. By stipulation, judgment was entered on April 11, 1997 in favor of Plaintiff and against Defendant in the amount of $5,069.74, plus interest in the amount of $502.05.

Plaintiff then filed the judgment in this Court in order to begin the process of collection on the judgment. A writ of garnishment was issued by the Clerk to Vectra Bank, Southwest Denver branch (the Bank). Notice also was provided to Defendant. The Bank filed its answer and indicated that $4,376.61 was being held in an account of Defendant.

Defendant then filed through his attorney a claim for exemption.[1] Defendant stated in his claim for exemption as follows:

I Claim the Property is Exempt Because (Please write the Exemption(s) listed in the Writ of Garnishment With Notice, if applicable): Earnings C.R.S. § 13–54–104.

Defendant's Claim of Exemption, p. 1. A hearing was set by the Court on the claim of exemption.

Defendant alleged that the money in his checking account at the Bank constituted earnings from his work as a subcontractor. He alleged that seventy-five percent of the amount was exempt by law.

---

1. The claim of exemption was filed in the Bankruptcy Court in the underlying bankruptcy proceeding. Since the Bankruptcy Court is part of this Court, the filing was properly received and will be deemed filed in this Court on this judgment matter.

Defendant testified that he is a carpet installer who works as a subcontractor. Defendant testified that he had opened the account at the Bank on March 28, 1997. He indicated that he deposited a check from James Davenport d/b/a K.J. Builders (Davenport) into the account in late March, 1997. Defendant's Exhibit 1. Defendant testified that he had worked as a subcontractor for Mr. Davenport, who is a general contractor.

Plaintiff called as her first witness Joann Brockway, a Vice President of Vectra Bank. Ms. Brockway had responded to a subpoena served upon the Bank and had brought copies of records dealing with Defendant's checking account. Ms. Brockway testified as to these records which were submitted as Plaintiff's Exhibits A through G.

Ms. Brockway testified that the account had been opened on March 28, 1997 by Plaintiff. The account was opened with a deposit of $16,011.46. A deposit of $310.00 then was added on April 3, 1997. Plaintiff's Exhibit A. Checks were written on the account from April 4, 1997 on, with the balance being the amount of $4,376.61 on the date the Bank submitted its answer to the writ of garnishment. Plaintiff's Exhibit G. Ms. Brockway acknowledged that amount was being held pursuant to the writ of garnishment.

Plaintiff testified briefly that Defendant had indicated to her that he was not working. She questioned whether the funds were from employment as a carpet layer.

## II.

■ Absent a specific federal statute, execution on any federal judgment is to be done "in accordance with the practice and procedure of the state in which the district court is held." Fed.R.Civ.P. 69(a); *In re Kobernusz,* 160 B.R. 844 (D.Colo.1993). The Court must look to Colorado law, procedure, and practice.

■ The Colorado General Assembly has provided restrictions on garnishment for earnings. Colo.Rev.Stat. § 13–54–104. Earnings have been defined to include payments received by "an independent contractor for labor or services . . ." Colo.Rev.Stat. § 13–54–104(1)(b); *see In Re Kobernusz,* 160

B.R. at 847. No more than twenty-five percent of the aggregate disposable earnings of a subcontractor are subject to garnishment. Colo.Rev.Stat. § 13–54–104(2)(a). If the wages in Defendant's account are from his earnings as a carpet layer, then the writ of garnishment may only attach to twenty-five percent of the total amount. Deposit into the checking account would not change the nature of the funds and the ability to claim the exemption. *Id.; see also, Guidry v. Sheet Metal Workers National Pension Fund,* 39 F.3d 1078 (10th Cir.1994).

■ The documentary evidence in this case provides the means of resolving the claim of exemption. Defendant opened his checking account at the Bank on March 28, 1997. The deposit into the account was $16,011.46. The deposit slip indicated that the money came from a "split" amount. Plaintiff's Exhibit B. The split amount came from a check from Security Title Guaranty to Defendant in the amount of $17,826.77. At the time Defendant gave the check from Security Title to the Bank to deposit into his account, he requested that the Bank apply $1,815.31 toward a cashier's check, with Defendant as the remitter. The cashier's check was issued to George Neszdba. The initial deposit of $16,011.46 and the cashier's check of $1,815.31 totaled $17,826.77. A later deposit of $310.00 was made on April 2, 1997. It is unclear from where these funds came.

The documentary evidence indicates that not one dollar in Defendant's account came from the check purportedly written by Mr. Davenport on March 29, 1997. It is unclear to this Court how Defendant believed that he could make such a claim. Defendant presumably received copies of the documents (or similar documents) that were offered into evidence by Plaintiff. The simple fact is that the evidence does not support Defendant's claim for an exemption under Colo.Rev.Stat. § 13–54–104.

## III.

At one point during the hearing, counsel for Defendant moved orally to amend the claim of exemption to include a homestead

exemption. Plaintiff objected, arguing that amendment was inappropriate and untimely.[2]

■ Colorado law requires that notice be given to a judgment debtor when a writ of garnishment is served upon a third party. Colo.Rev.Stat. §§ 13–54.5–106 & 13–54.5–107. Colo.Rev.Stat. § 13–54.5–108(1) further provides:

> (b) In a case where a garnishee, pursuant to a writ of garnishment, holds any personal property of the judgment debtor other than earnings which the judgment debtor claims to be exempt, said judgment debtor, within ten days after being served with the notice of exemption and pending levy required by section 13–54.5–106, shall make and file with the clerk of the court in which the judgment was entered a *written claim of exemption* setting forth with reasonable detail a description of the property claimed to be exempt, together with the grounds for such exemption. The judgment debtor shall, by certified mail, return receipt requested, deliver immediately a copy of such claim to the judgment creditor or his attorney of record. (emphasis added).

Upon the filing of the claim of exemption, the court is to promptly hold a hearing within ten calendar days and determine if the claim for exemption is valid. Colo.Rev.Stat. § 13–54.5–109.

■ Garnishments were unknown at common law in Colorado. *Continental Bank, N.A. v. Rowe*, 817 P.2d 620 (Colo.App.1991). Statutes providing for garnishment must be strictly construed. There is no provision by statute for oral amendment of a claim of exemption. Defendant had a duty under Colo.Rev.Stat. § 13–54.5–108(1)(b) to file a written claim of exemption. Plaintiff had a right to be placed on notice as to any claim of exemption. Since Defendant failed to file a written claim as to any homestead exemption, he could not raise such an exemption by oral amendment at the hearing.

■ Plaintiff also argued that Defendant had failed as a matter of proof to show that the money deposited into the account was covered by any homestead exemption. This Court agrees. In Colorado, a homestead exemption on a family residence is automatic in the amount of $30,000, in excess of liens and encumbrances. Colo.Rev.Stat. § 38–41–201.

Proceeds from the sale of a family residence may also be exempt.

> The proceeds from the exempt amount under this part 2, in the event the property is sold by the owner, or the proceeds from such sale under section 38–41–206 paid to the owner of the property or person entitled to the homestead shall be exempt from the execution or attachment for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may be always identified. If the person receiving such proceeds in the acquisition of other property for a home, there shall be carried over to the new property the same homestead exemption to which the owner was entitled on the property sold. Such homestead exemption shall not be valid as against one entitled to a vendor's lien or the holder of a purchase money mortgage against said new property.

Colo.Rev.Stat. § 38–41–207. This statute allows for exemption of proceeds that would have received protection as a homestead. *In Re Raymond*, 987 F.2d 675 (10th Cir.1993).

In this case, there is an anomaly. Defendant filed his claim of exemption on the basis of earnings as a subcontractor. As an aside, Defendant then claimed that the proceeds came from the sale of the family home. The only documentation provided by Defendant to prove his claim of exemption was a copy of the purported check from Mr. Davenport for earnings as a carpet layer. It is absolutely clear that no funds from the purported check were deposited into the account at the Bank.

**2.** Plaintiff also moved to strike the initial claim of exemption, arguing that it had not been signed by Defendant, only his counsel. Plaintiff argued that Colo.Rev.Stat. § 13–54.5–108(1)(b) requires the signature of the judgment debtor. This issue need not be reached in this case.

In order to fall back on the claim of a homestead exemption, Defendant had the burden to show that the funds were exempted under Colo.Rev.Stat. § 38–41–207. Defendant presented nothing to substantiate this claim. Plaintiff presented the check from Security Title in the amount of $17,826.77. Plaintiff's Exhibit C. There was no evidence as to how much money was received from the sale of the house and what, if any, interest Plaintiff had in the home. The homestead exemption of $30,000 would have been on the property, and Plaintiff would arguably have had an interest in one-half of the homestead. No evidence was offered by Defendant that had any substance. The burden was on Defendant to establish any claim of exemption. Defendant failed to do so, either on the basis of earnings or on the basis of exemption as proceeds from a homestead.

IT IS HEREBY ORDERED that Defendant's claim of exemption pursuant to Colo. Rev.Stat. § 13–54–104 is denied; and

IT IS FURTHER ORDERED that Defendant's request to orally amend his claim of exemption to include a claim of a homestead exemption is denied; and

IT IS FURTHER ORDERED that all funds held by Vectra Bank pursuant to the writ of garnishment shall be paid into the Registry of the Court; and

IT IS FURTHER ORDERED that the funds received in the Registry shall be paid to Plaintiff through her counsel upon presentment of a partial satisfaction of judgment.